UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN BRISKIN,<br><br>      *Plaintiff*,<br><br>v.<br><br>SONY CORPORATION OF AMERICA, et al.,<br><br>      *Defendants*. | Civil Action No. 18-15404<br><br>**ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Plaintiff Stephen Briskin's unopposed motion for default judgment against Shenzhen Fest Technology Co., Ltd. and Hong Kong Newgen International Ltd., (the "Remaining Defendants") pursuant to Fed. R. Civ. P. 55(b). D.E. 63. All other Defendants have been dismissed from the case. D.E. 32, 43. The Court has reviewed the Third Amended Complaint ("TAC"), D.E. 50, and Plaintiff's motion, D.E. 63; and it

**APPEARING** that before the Court may enter a default judgment, it must "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015); and it further

**APPEARING** that Plaintiff has not provided the Court with sufficient information or analysis as to subject matter jurisdiction, personal jurisdiction, or the propriety of service; and it further

**APPEARING** that the Court is unable to determine the Remaining Defendants' citizenship for purposes of diversity jurisdiction. Plaintiff alleges that the remaining Defendants are "New

Jersey companies," TAC ¶ 3, which would make diversity jurisdiction improper. Plaintiff's proofs of service, however, appear to indicate that the Remaining Defendants are Chinese entities. D.E. 56, 57; and it further

**APPEARING** that Plaintiff has not set forth what contacts, if any, the Remaining Defendants have or had with New Jersey for purposes of personal jurisdiction; and it further

**APPEARING** that while Plaintiff has filed proofs of service as to the Remaining Defendants, he has not established that the method of service was proper.

Therefore, for the foregoing reasons, and for good cause shown,

IT IS on this 6th day of June 2023,

**ORDERED** that within twenty-one (21) days from the entry of this Order, Plaintiff shall in writing demonstrate subject matter jurisdiction, personal jurisdiction, and proper service; and it is further

**ORDERED** that Plaintiff's motion for default judgment, D.E. 63, is **ADMINIATRATIVELY TERMINATED** pending receipt of the above ordered filing.

.

_____
John Michael Vazquez, U.S.D.J.